**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Jennifer L. Conn
Direct: +1 212.351.4086
Fax: +1 212.351.5353
JConn@gibsondunn.com

April 2, 2019

VIA ECF AND EMAIL TO CHAMBERS

The Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:  *SEC v. Rio Tinto plc, et al.*, No. 17-cv-7994 (AT) (DCF)
  Defendants' Opposition to Plaintiff's Pre-Motion Letters re Amending the Complaint

Dear Judge Torres:

Pursuant to Section III.A of Your Honor's Individual Rules of Practice, we respectfully submit this letter on behalf of defendants Rio Tinto plc and Rio Tinto Ltd. ("Rio Tinto"), Thomas Albanese, and Guy Elliott (with Rio Tinto, "Defendants"), in response to the Securities and Exchange Commission's ("SEC's") letters requesting leave to file a motion to amend the Complaint.  *See* ECF 139 ("Ltr.") and ECF 140 ("Supp. Ltr.").  The SEC has already had five years to gather facts and develop its claims in this case, and has missed all deadlines to amend.  Allowing amendment now would be unfair and futile.

The SEC has already had numerous bites of the apple.  Throughout both a lengthy Wells process during the SEC's pre-suit investigation, and during two rounds of pre-motion letters in January 2018 and extensive briefing on Defendants' motion to dismiss in March 2018, Defendants *repeatedly* pointed out to the SEC the deficiencies that this Court later identified in the Complaint.  Now, long after the Court's September 2018 deadline for amendments, the SEC finally seeks to amend its legally deficient claims.  Yet it does not even provide a proposed amended Complaint or identify what *new* allegations it seeks to add, if any.  It states only that it seeks to "clarify" or "reorder[ ]" *existing* allegations.  Ltr. 1–2.

The Court should not permit the SEC to file its belated and baseless motion.  The SEC never explains why there is good cause to amend its deficient Complaint now.  By waiting until after a ruling on the motion to dismiss, the SEC ignores a key purpose of this Court's Rules:  to correct deficiencies *before* motions are filed.  Amendment at this late stage also would be immensely prejudicial, especially as Defendants have already had to endure years of litigation to clear their names.  And the SEC does not explain how merely clarifying or reordering its legally deficient allegations could cure the Complaint's deficiencies.  Far from "bolster[ing]" the SEC's request, Supp. Ltr. 1, the Supreme Court's decision in *Lorenzo v. SEC*, 2019 WL 1369839 (U.S. Mar. 27, 2019), provides no support for that request and should be considered only upon a motion for reconsideration, which the SEC will file if leave to amend is denied, Supp. Ltr. 2.  The SEC's request should be denied.

# GIBSON DUNN

April 2, 2019
Page 2

## BACKGROUND

This suit arose after a more than four-year formal investigation, Hr'g Tr. 37:12, ECF 76 (Mar. 6, 2018) ("Hr'g Tr."), during which the SEC obtained testimony from dozens of witnesses and received, in its own estimate, the "vast majority" of the documents in this case, *id.* at 22:14–15. During that investigation, Defendants' Wells submissions apprised the SEC of largely the same legal deficiencies identified in Your Honor's ruling on the motion to dismiss. After the SEC filed suit, Defendants' pre-motion letters highlighted many of those same deficiencies. *See* ECF 52–54 (filed Jan. 16, 2018). Rather than amend the Complaint at that time, as Your Honor's Rules encourage, the SEC chose to stand by its deficient allegations, precipitating extensive briefing on Defendants' motion to dismiss. In her scheduling order, Magistrate Judge Freeman gave the SEC yet another chance to amend by September 7, 2018. *See* ECF 75, at 1 (Mar. 8, 2018). But the SEC ignored that deadline too.

On March 18, 2019, the Court dismissed or narrowed many of the SEC's claims in a well-reasoned, fifty-page decision that spends twelve pages accurately detailing the SEC's allegations. Order, ECF 135 (Mar. 18, 2019). Hours later, the SEC asked Defendants to consent to an amendment. Defendants repeatedly asked the SEC to specify the additional factual allegations, to provide proposed amendments, and to explain why it had not amended sooner—the SEC refused at every turn. The SEC now seeks to file a motion to "reorder[ ]" certain allegations and to "clarify" others by adding "detail" that "encompasses the same general facts." Ltr. 1–2. The SEC never explains what exactly those new allegations are or why it waited until six months past the deadline to amend the pleadings. The SEC also relies on the wrong legal standard and never grapples with the significant prejudice to Defendants—including two former Rio Tinto executives—of amendment at this late stage.

## DISCUSSION

The SEC's letter relies only on Rule 15. Ltr. 1–2. But as this Court has explained, Rule 15 "is 'not a shield against dismissal to be invoked as . . . a fallback position'" after a motion to dismiss. *F5 Capital v. Pappas*, 2016 WL 900389, at *11 (S.D.N.Y. Feb. 17, 2016) (Torres, J.) (citation omitted), *aff'd* 856 F.3d 61 (2d Cir. 2017). Moreover, given that the deadline for amending the pleadings passed over six months ago, "for the Court to now grant leave to amend, Plaintiff must show good cause" to modify the scheduling order under Rule 16(b)(4). *Charles v. City of New York*, 2015 WL 756886, at *2 (S.D.N.Y. Feb. 20, 2015) (Torres, J.); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).

This should come as no surprise to the SEC: Section III.B.iv of Your Honor's Rules prescribes that, where a plaintiff elects not to amend after the pre-motion letter process, leave to amend will ordinarily be denied "<u>absent good cause</u>." Last March, Magistrate Judge Freeman warned the SEC that "if you miss a date in the scheduling under Rule 16 . . . you have to show good cause" to amend. Hr'g Tr. 42:9–12. The SEC does not even cite Rule 16, much less any authority applying this "good cause" standard—which further indicates that it lacks good cause to amend now. The SEC should be denied leave to file its motion.

April 2, 2019
Page 3

### A. The SEC Cannot Establish "Good Cause" For Amending The Complaint Now.

**1.** To establish good cause, the SEC must show that, "despite [its] effort, the . . . deadline could not have been reasonably met." *Charles*, 2015 WL 756886, at *2; *see also Parker*, 204 F.3d at 340 ("'[G]ood cause' depends on the diligence of the moving party."). The SEC cannot make that showing because it all but concedes that its amendment rests on no new information. In the SEC's own words, the "vast majority" of documents produced in this case were "already in [its] possession" when it filed suit. Hr'g Tr. 22:14–15. And the amendment "encompasses the same general facts" as the Complaint and merely "reorder[s]" some allegations, while "clarify[ing]" others "by adding additional detail." Ltr. 1–2.

Courts in this Circuit routinely deny leave to amend in these circumstances. *See*, *e.g.*, *Parker*, 204 F.3d at 341 (affirming the denial of leave to amend because plaintiff "had all the information necessary to support [the proposed] claim" when he filed suit); *Charles*, 2015 WL 756886, at *2 (amendment "'rests on information that [the plaintiff] knew, or should have known'" before the deadline for amended pleadings (citation omitted)); *Compania Embotelladora Del Pacifico, S.A. v. Pepsi Cola Co.*, 607 F. Supp. 2d 600, 602 (S.D.N.Y. 2009) (plaintiff "'had knowledge of the facts and circumstances . . . for a period of several years and could have made [its] motion within the specified time period'" (citation omitted)).

By seeking to amend *after* a ruling on the motion to dismiss, the SEC ignores a key purpose of this Court's pre-motion letter practice. A party "cannot wait to 'see how he would fare on [a] motion to dismiss' before seeking leave to amend based on facts that were [already] available." *Compania Embotelladora*, 607 F. Supp. 2d at 603 (citation omitted). That is especially so for the SEC, which had access to all the information it wanted *before* filing suit and identifies no "new facts . . . unearth[ed] or confirm[ed]" during discovery. *SEC v. Aragon Capital Mgmt., LLC*, 2010 WL 4456302, at *5 (S.D.N.Y. Oct. 28, 2010).

**2.** Absent a proposed amended Complaint, the full prejudice to Defendants cannot be determined. In all likelihood, though, any amendment would unduly prejudice Defendants by prompting "another motion to dismiss" and potentially requiring them to "re-depos[e] individuals." *Nairobi Holdings Ltd. v. Brown Bros. Harriman & Co.*, 2006 WL 617977, at *8 (S.D.N.Y. Mar. 10, 2006), *aff'd*, 2006 WL 2242596 (S.D.N.Y. Aug. 3, 2006); *see also McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 201 (2d Cir. 2007) (affirming the denial of leave to amend where amendment would cause "the litigation [to], in essence, start over"); *Ong v. Chipotle Mexican Grill, Inc.*, 294 F. Supp. 3d 199, 240 (S.D.N.Y. 2018) ("extending the pleading stage . . . indefinitely" unduly prejudices "interest[s] in finality and repose").

The SEC suggests there would be no prejudice because there is not yet any schedule for expert discovery and summary judgment, and amendment "will not require additional discovery." Ltr. 2. That ignores that the parties have been engaged in expensive discovery for almost a year, and have taken sixteen depositions on three continents, including eleven depositions outside of the United States that were—as the SEC has repeatedly argued—"one time opportunities to take *trial* testimony." Hr'g Tr. 9:1–2, ECF 109 (Sept. 17, 2018)

April 2, 2019
Page 4

(emphasis added).  Defendants are entitled to ensure that such trial testimony speaks to the operative allegations, and re-deposing those eleven witnesses could take another year at enormous cost to the parties and inconvenience to the witnesses.  The SEC's argument is also disingenuous:  On March 22, Defendants proposed expert-discovery and summary-judgment schedules, and the SEC refused to discuss them (hours before filing its letter); and an "absence of prejudice" cannot *establish* good cause, *Aragon*, 2010 WL 4456302, at *3.

The Defendants—especially Mr. Albanese and Mr. Elliott—have been forced to endure years of investigation and now years of litigation to clear their names of the SEC's sensationalized allegations attacking their character and reputation.  Redoing expensive foreign discovery and another round of briefing when the SEC has had five years to develop its case is not remotely fair, particularly given the SEC's previous opportunities to amend.  As the Second Circuit long ago observed, plaintiffs cannot "do immeasurable harm to others by simply resting on [Rule 15] in the belief that it must prevail in all cases, under all conditions even when they have been dilatory and substantial prejudice has resulted." *Strauss v. Douglas Aircraft Co.*, 404 F.2d 1152, 1558 (2d Cir. 1968).

3.  Amendment also would be futile because it would only "reorder[ ]" or "clarify" allegations *already* found legally deficient.  Ltr. 1–2; *see*, *e.g.*, *Gorman v. Entergy Nuclear Operations, Inc.*, 2006 WL 4774619, at *6 (S.D.N.Y. Apr. 14, 2006) (denying leave to "'clarif[y]'" or "add details" to deficient claims), *aff'd on other grounds*, 488 F.3d 586 (2d Cir. 2007).  The SEC does not explain how merely clarifying its deficient allegations could improve them, and its tacit suggestion that "reordering" them may cure their inherent defects improperly impugns the Court.  "Absent 'any identification of how . . . amendment would improve upon the [c]omplaint, leave to amend must be denied as futile.'"  *F5 Capital*, 2016 WL 900389, at *11 (alteration in original) (citation omitted), *aff'd* 856 F.3d at 89 ("F5[ ] fail[ed] to indicate how it might amend the complaint to eliminate its gaping holes . . . .").

**B.      *Lorenzo* Does Not Support The SEC's Request For Leave To File Its Motion.**

The recent *Lorenzo* decision does not support the SEC's request.  The SEC does not seek to add any allegations that it could not have made sooner, for *Lorenzo* involved only "fraudulent dissemination," Supp. Ltr. 1—which is not at issue here.  The SEC asks the Court, instead, to decide *Lorenzo*'s "impact" on the *existing* scheme-liability claims.  *Id.* (arguing that *Lorenzo* is "relevant to" the Court's "rulings with respect to" scheme liability).  But that is properly decided on a motion for reconsideration.  *See*, *e.g.*, *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 108 (2d Cir. 2013).

Nor should the Court decide *Lorenzo*'s "impact" on the previously dismissed scheme-liability claims alongside a motion to amend.  *Cf.* Supp. Ltr. 2.  A motion to *amend* the Complaint would involve distinct legal issues and a different factual predicate than would deciding whether *Lorenzo* affects one part of the Court's ruling on the *existing* Complaint.  It would be more efficient to deny the SEC leave to file a motion to amend now—and to decide the narrow issue of *Lorenzo*'s "impact" only upon a motion for reconsideration (if any).

GIBSON DUNN

April 2, 2019
Page 5

Respectfully submitted,

 *s/ Jennifer L. Conn*
Jennifer L. Conn

cc:     All counsel of record (via ECF)