

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 F. Street N.E.
Washington, D.C. 20549

April 3, 2019

<u>Via ECF and Email to Chambers</u>

The Honorable Analisa Torres
United States District Judge
U.S. District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007-1312
Torres_NYSDChambers@nysd.uscourts.gov

Re:   *SEC v. Rio Tinto, et al.,* No. 1:17-cv-07994-AT-DCF
<u>Response to Defendants' Opposition to Pre-Motion Letters re: Amending the Complaint</u>

Dear Judge Torres:

Defendants gave the Court a *very* incomplete picture of the status of this case in their joint letter yesterday, in which they omitted a major development that is directly relevant to their claim that there is no good cause to allow the SEC to file a motion for leave to amend the complaint. [ECF No. 144]. Defendants argued that the SEC should be prohibited from amending because it had the benefit of an investigation and that any amendment would prejudice Defendants because substantial discovery has occurred, but Defendants failed to inform the Court of this: On Friday, March 29, counsel for Rio Tinto informed the SEC that search queries Rio Tinto applied—*from the inception of the SEC's investigation through fact discovery*—were defective as a result of previously undetected technical problems, and that application of proper search queries resulted in the identification of approximately 25,000 new and unique documents that had never been produced to the SEC. Rio Tinto predicted that production of all the missing documents would take up to three weeks.

The SEC will not be able to assess the full impact of the missing documents on this case until it receives them and can review them. What we do know is that the record in this case is not complete. Rio Tinto was not correct when it repeatedly represented to the SEC that it had produced all documents responsive to investigative subpoenas during the investigation. Rio Tinto was not correct when it represented to Magistrate Judge Freeman and the SEC that it had produced substantially all documents responsive to the SEC's litigation requests before the first depositions in September 2018. Most of the missing documents were responsive to subpoenas issued in the investigation, and thus should have been produced years ago. They represent over 20 percent of the documents that Rio Tinto was obligated to produce during the investigation, and roughly 15 percent of the total documents produced by Rio Tinto throughout this case; this is not a small problem. We also know that the 25,000 documents belonged to relevant custodians who were selected as a result of negotiations between Rio Tinto and the SEC, and that the search terms producing the 25,000 hits were proposed by Rio Tinto as a means of narrowing the SEC's

Hon. Analisa Torres
*SEC v. Rio Tinto*
No. 1:17-cv-07994-AT-DCF
Request for Leave to Amend Complaint
Page 2

document requests to truly relevant documents. That is, the missing documents are from witnesses chosen for their importance — including the two individual Defendants — and were identified by highly probative search terms; they are unlikely to be chaff. And, with respect to some key witnesses who have already been deposed in this litigation, there are apparently thousands of missing documents.[1]

The fact that the Defendants elected to not inform the Court of Rio Tinto's document production failure is troubling in and of itself, but it is befuddling that – given this failure – Defendants chose to argue that a purported lack of diligence by the SEC justifies a procedural bar against amendment. Likewise, it is difficult to place much weight on Defendants' claim that amendment should be barred because an amended complaint *may* lead them to seek testimony from previously deposed witnesses when new depositions may be necessitated by the late production of thousands of documents from those same previously deposed witnesses. The impending production of the 25,000 missing documents is by itself good cause for leave to amend the Complaint. At a minimum, this development defeats any argument that delay or potential prejudice to Defendants is so strong that the SEC should not even be allowed to file a motion for leave to amend.

Defendants similarly brush aside another significant development in this case: the impact of the Supreme Court's decision in *Lorenzo*, which this Court has acknowledged is relevant. Defendants ask the Court to discard *Lorenzo* as a technical holding based on a narrow set of facts. This ignores the breadth of the Supreme Court's opinion, which provides guidance on the scope of statutory language applicable to SEC enforcement actions. The Court should have the benefit of that guidance in evaluating all of the claims in this case. It certainly would not be more efficient, as Defendants claim, to deny the SEC leave to file a motion to amend and then decide the issue of *Lorenzo*'s impact on a motion for reconsideration. It would also — at this point — reward Rio Tinto for its multi-year failure to produce relevant documents by precluding the SEC from including information contained in those documents in an amended complaint. The issues raised by the SEC's request for leave to amend, by *Lorenzo,* and by Rio Tinto's late-breaking document production are best addressed in one set of filings.

Even if Defendants had properly disclosed that Rio Tinto never produced 20 percent of the documents the SEC subpoenaed during its investigation, their opposition to the SEC's pre-motion letters would still be flawed. Defendants claim that the SEC should be estopped from seeking leave to amend because it did not amend in response to Defendants' motion to dismiss and pre-motion letters. But those papers claimed that the entire Complaint was "plainly wrong," [ECF No. 71 at 1], suffered from a litany of perceived fatal flaws, and should be dismissed in its entirety. The SEC did not seek to amend in response to Defendants' blunderbuss motion because

---

[1] For example, according to counsel for Rio Tinto, over 4,300 of the unproduced documents are from Andrew Woodley, the former CEO of RTCM, who has been deposed; 2,268 documents were from Delwin Witthoft, a former Deputy Controller of Rio Tinto, who was deposed just a few weeks ago in London; 1,413 documents are from Doug Ritchie, the former CEO of Rio Tinto Energy, who was deposed in Australia in February; 1,300 documents are from Simon Morris, the RTCM employee responsible for conducting valuations of RTCM, who was deposed in London; and over 1,100 documents are from Eric Finlayson, the former RTCM CEO, who was deposed in Vancouver.

Hon. Analisa Torres
*SEC v. Rio Tinto*
No. 1:17-cv-07994-AT-DCF
Request for Leave to Amend Complaint
Page 3

the Complaint spoke to the myriad deficiencies alleged in Defendants' motion. Indeed, the Court sustained many of the SEC's claims, rejected numerous of Defendants' laundry list of arguments, and dismissed only specific claims related to specific Defendants and misstatements. The Court identified specific issues in the Complaint as the basis for its rulings, and the SEC's amendments will be targeted to these specific issues. For instance, the Court rejected Defendants' argument that no one acted with scienter in this case, ruling instead that scienter *had* been established with respect to certain misstatements. The SEC's amendments will add facts connecting the events giving rise to each Defendant's scienter to each misstatement. And, all of the SEC's additional allegations will be related to the core conduct set out in the Complaint, limiting the impact of the amendment on discovery already taken. This case is thus distinguishable from many of the cases cited in Defendants' letter, in which the proposed amendments would have added new claims or parties or otherwise significantly changed the complexion of the case.[2] At any rate, the impact of the SEC's proposed amendments on discovery, if any, should only be evaluated in conjunction with a consideration of the impact of Rio Tinto's late production of the 25,000 missing documents.

There have been major developments in both the law and the state of this case in the short time since the Court issued its ruling on the motion to dismiss. For that reason, and for the reasons set forth above and in the SEC's prior letters, the SEC should be granted permission to file a motion to amend. The most efficient route is likely to have the SEC's motion and proposed Amended Complaint due a reasonable time after Rio Tinto's last production of the missing documents, which would allow time for all parties to evaluate the documents and their impact on the case. In any event, the SEC stands ready to file a motion and proposed complaint at the direction of the Court.

Respectfully submitted,

/s/ *Tom Bednar*
Thomas A. Bednar
Assistant Chief Litigation Counsel
Securities & Exchange Commission
(202) 551-6218
bednart@sec.gov
Counsel for Plaintiff

cc:   Counsel for Defendants
      Magistrate Judge Debra C. Freeman

---

[2]   *See, e.g., Parker v. Columbia Pictures Indus.*, 204 F.3d 326 (2d Cir. 2000) (plaintiff sought leave to add a breach of contract claim); *Charles v. City of New York*, 2015 WL 756886 (S.D.N.Y. Feb. 20, 2015) (plaintiff sought leave to add two new defendants after having previously amended the complaint once).