

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 F Street, N.E.
Washington, D.C. 20549

May 10, 2019

<u>Via ECF</u>

The Honorable Debra C. Freeman
United States Magistrate Judge
U.S. District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:   *SEC v. Rio Tinto, et al.*, **No. 1:17-cv-07994-AT-DCF**
            **<u>Joint Status Letter</u>**

Dear Judge Freeman:

    Pursuant to this Court's April 19, 2019 Order (ECF No. 152), the parties respectfully submit this joint status letter to update the Court.

I.    Status of Rio Tinto's Additional Document Production

    At the outset, as Rio Tinto advised Judge Torres in a letter submitted jointly with the SEC, dated May 3, 2019, Rio Tinto acknowledges the technical errors by its document vendor that have resulted in additional document production. Rio Tinto is committed to remediating those errors as quickly and fully as possible, and the parties agree that Rio Tinto has worked in good faith to do so. Moreover, Rio Tinto has advised the parties that it is performing additional quality control reviews to determine if there are other technical issues that could result in additional document production.

    The following provides background on, and an update to, the document-related issues discussed in the parties' April 3, 5, and 18 and May 3 letters to the Court (ECF Nos. 145-46, 151, 153).

    On March 26, 2019, Rio Tinto learned of a previously undiscovered technical error by the Company's document vendor. On March 29, Rio Tinto notified the SEC and counsel for individual defendants Thomas Albanese and Guy Elliott that technical errors by Rio Tinto's document vendor had resulted in thousands of documents being excluded from searches conducted pursuant to SEC subpoenas served during the SEC's pre-suit investigation and pursuant to SEC requests for production of documents served during this litigation. When Rio Tinto's document vendor ran the search queries against those excluded documents, approximately 25,000 documents were identified by search terms. Beginning on March 29, Rio Tinto undertook an expedited review of the newly identified documents, and produced to the SEC and the individual defendants on April 5 and 9 those documents identified as non-privileged and relevant. The productions totaled 7,731 documents, comprising 26,822 pages.

Hon. Debra Freeman
*SEC v. Rio Tinto*
No. 1:17-cv-07994-AT-DCF
Joint Status Letter
Page 2

On April 26, the parties met and conferred on technical problems the SEC had encountered with documents in Rio Tinto's recent productions that either contained incomplete text or were incapable of being opened. The SEC first raised these issues with Rio Tinto on April 10, identified 591 of these incomplete documents on April 12, and identified an additional 817 incomplete documents on April 29. On May 1, Rio Tinto reported that full versions of 441 of the 591 incomplete documents identified by the SEC on April 12 had been previously produced. Rio Tinto also reported that it had located full versions for an additional 149 documents identified by the SEC on April 12 and was processing the documents for production. On May 3, Rio Tinto produced the complete families of those 149 documents. On May 7, Rio Tinto provided a chart showing that full versions of 499 of the 817 incomplete documents identified by the SEC on April 29 had been previously produced. Rio Tinto also reported that it had located full versions for 308 of the remaining 318 documents identified by the SEC on April 29 and was processing the documents for production. On May 9, Rio Tinto produced the complete families of those 308 documents. Of the ten remaining documents, Rio Tinto produced new images of documents that had not been properly imaged, identified the previously produced versions of documents that were previously unidentified, and provided technical explanations for difficulties viewing certain documents. Rio Tinto has directed the parties to previously produced duplicate versions, has produced full versions, or provided satisfactory technical explanations for all documents identified by the SEC as incomplete in their April 12 and 29 communications.

On May 3, Rio Tinto informed the parties that it had learned from its document vendor that document families containing a mix of approximately 1,350 privileged and non-privileged documents may have been erroneously withheld from certain productions, and that it would review and produce all non-privileged documents that were erroneously withheld.

The parties continue to confer on technical problems Rio Tinto's document vendor has identified, how many documents are at issue, and what further actions should be taken.

II.     Deposition Scheduling

A non-party witness was deposed in London on May 8 and another non-party witness is scheduled to be deposed in London on May 21. The parties re-scheduled the deposition of one non-party, London-based witness from April to May 30, and another non-party witness is scheduled to be deposed in London on July 19. Defendants also anticipate noticing the deposition of a London-based Rio Tinto employee for late June or mid-July. The parties have been working with counsel for two Australia-based non-parties to schedule their depositions, which are tentatively slated for mid-June, and Defendants anticipate noticing an additional deposition of a current Australia-based Rio Tinto employee for that same week in mid-June. The parties are also working to re-schedule the depositions of Mr. Albanese and Mr. Elliott for a date after the SEC has filed its motion for leave to amend and provided a proposed amended complaint (although to be clear, Defendants will oppose the SEC's motion for leave to amend). The parties have not encountered any disputes with respect to deposition scheduling.

Hon. Debra Freeman
*SEC v. Rio Tinto*
No. 1:17-cv-07994-AT-DCF
Joint Status Letter
Page 3

III.   Other Discovery

The SEC and Rio Tinto are in the process of conferring regarding the scope of the SEC's Third Request for Production of Documents, which is directed at Rio Tinto and is not related to the document production issues set forth above. To date, no party has requested additional documentary discovery based on Rio Tinto's most recent production, which, as noted above, is ongoing.

The parties are also in the process of conferring regarding the SEC's responses to certain of Defendants' written discovery requests.

Judge Torres recently set a deadline of July 8, 2019, for the SEC to file a Motion for Leave to Amend its Complaint, and a briefing schedule that concludes on July 29, 2019. There are currently no other deadlines.

The parties agree that should the court permit the SEC to file an amended complaint over Defendants' objections and the amended complaint raises new factual issues or altered allegations that require the discovery of facts not currently at issue, the Defendants will be permitted to request additional time for fact discovery as necessary. Defendants reserve their rights to update and amend their Supplemental Initial Disclosures and any and all responses and objections to written discovery. The SEC reserves its right to object to requests for such additional discovery depending on the circumstances. The SEC continues to reserve its rights to pursue additional discovery based on Rio Tinto's recent and ongoing document productions.

IV.   Scheduling

The parties are continuing their efforts to schedule the Australian depositions and are continuing to meet and confer regarding technical issues identified by Rio Tinto's document vendor. As a result, the parties are not yet in a position to propose a schedule for the remainder of discovery. The parties request leave to submit an updated joint status letter by May 24, 2019, at which point they hope to have the remaining depositions scheduled, as well as a better sense of the timeline required to resolve remaining technical issues related to Rio Tinto's document productions, if there are any.

Respectfully submitted,

/s/ Thomas A. Bednar
Thomas A. Bednar
Assistant Chief Litigation Counsel
Securities and Exchange Commission
(202) 551-6218
bednart@sec.gov
Counsel for Plaintiff

Hon. Debra Freeman
*SEC v. Rio Tinto*
No. 1:17-cv-07994-AT-DCF
Joint Status Letter
Page 4

    /s/ Jennifer L. Conn (on consent)
    Jennifer L. Conn
    GIBSON, DUNN & CRUTCHER LLP
    (212) 351-4086
    jconn@gibsondunn.com
    Counsel for Defendants Rio Tinto plc and Rio Tinto Limited

    /s/ Peter J. Romatowski (on consent)
    Peter J. Romatowski
    N. Scott Fletcher (pro hac vice)
    David R. Woodcock (pro hac vice)
    JONES DAY
    (202) 879-7625
    pjromatowski@jonesday.com
    Counsel for Defendant Thomas Albanese

    /s/ Walter G. Ricciardi (on consent)
    Walter G. Ricciardi
    Geoffrey R. Chepiga
    PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
    (212) 373-3350
    wricciardi@paulweiss.com
    Counsel for Defendant Guy Robert Elliott