

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, D.C. 20549

March 12, 2020

<u>Via ECF and Email to Chambers</u>

The Honorable Analisa Torres
United States District Judge
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312
Torres_NYSDChambers@nysd.uscourts.gov

> Re: *SEC v. Rio Tinto, et al.*, No. 1:17-cv-07994-AT-DCF
> <u>Request for Briefing Schedule on Motion for Reconsideration</u>

Dear Judge Torres:

  The SEC writes to respectfully request that a briefing schedule be set for the SEC to file a motion for reconsideration of the Court's March 18, 2019 ruling on Defendants' Motion to Dismiss [ECF No. 135]. At the direction of the Court, *see* ECF Nos. 147, 154, the SEC did not file a motion for reconsideration immediately after that ruling and instead filed a motion to amend the complaint. That motion was denied in an order entered March 11, 2020, by Magistrate Judge Freeman. [ECF No. 175]. Pursuant to this Court's prior order, the SEC now intends to file a motion for reconsideration. The SEC intends to file its motion for reconsideration – and any objections to Magistrate Judge Freeman's Order under Federal Rule of Civil Procedure 72 – on March 24, 2020, and the SEC proposes that Defendants' briefs in opposition be due April 7, and that the SEC's reply briefs be due April 14, in accordance with the time periods set forth in Local Civil Rule 6.1. Under the Court's individual practices in civil cases, no pre-motion letter is required for a motion for reconsideration. *See* Individual Practices in Civil Cases, § III.A. The SEC conferred with defendants on the proposed briefing schedule, to which they did not object.

  **<u>Background</u>**

  This case concerns an alleged accounting fraud in which the SEC alleges that Defendants schemed in 2011 and 2012 to hide the deteriorating financial condition of a Mozambican coal company Rio Tinto had purchased in 2011, and whose value Rio Tinto ultimately wrote down in early 2013 from almost $4 billion to just over $600 million. In March of 2018, Defendants filed a consolidated motion to dismiss the SEC's Complaint. On March 18, 2019, this Court granted that motion in part and denied in part. *See* ECF No. 135. With respect to the Commission's claims under Section 10(b) of the Exchange Act and Rules 10b-5(a) and (c) thereunder, and under Section 17(a)(1) and (3) of the Securities Act, the Court ruled that "the SEC must allege

Hon. Analisa Torres
*SEC v. Rio Tinto*
No. 1:17-cv-07994-AT-DCF
Page 2

conduct beyond misrepresentations or omissions that form the basis of a claim under subsection (b)" of Rule 10b-5. *See* ECF No. 135 at 35. The Court acknowledged that the *Lorenzo* case then pending before the Supreme Court "may clarify the matter." *Id*. at 36 n.9.

On March 26, 2019, the SEC filed a pre-motion letter requesting permission to file a motion to amend the complaint in response to the Court's opinion. *See* ECF No. 139. The Supreme Court decided *Lorenzo* the next day, March 27, 2019, ruling that a defendant's use of misleading statements with the intent to deceive can support liability under Rule 10b-5(a) and (c), even if the defendant did not "make" the statements for purposes of Rule 10b-5(b). The same day, the SEC wrote a supplemental letter bringing the *Lorenzo* decision to the Court's attention and stating the SEC's view that while *Lorenzo* would support reconsideration of the Court's order, the most efficient option might be to first consider a motion to amend by the SEC. *See* ECF No. 140.

Defendants opposed the SEC's request for permission to file a motion to amend, and took the position that *Lorenzo* "should be considered only upon a motion for reconsideration," *see* ECF No. 144 at 1, and that "[i]t would be more efficient to deny the SEC leave to file a motion to amend now – and to decide the narrow issue of *Lorenzo's* 'impact' only upon a motion for reconsideration." *Id*. at 2. In an April 5, 2019 order, the Court denied the SEC's requests to file a motion to amend or, in the alternative, a motion for reconsideration, without prejudice, pending a status report related to a discovery issue. *See* ECF No. 147. On May 3, 2019, the SEC reiterated its position that there were grounds to file both a motion to amend and motion for reconsideration, and offered to file both on the same day. *See* ECF No. 153 at 4. On May 7, 2019, the Court set a briefing schedule for a motion to amend, stating that because "[t]he Court agrees with Plaintiff that 'the most efficient course' is to allow Plaintiff to seek leave to amend its complaint . . . the Court does not set a briefing schedule on this alternative motion" for reconsideration. *See* ECF No. 154. Pursuant to the Court's order, the SEC filed a motion to amend and did not file a motion for reconsideration addressing any issues raised by the Court's motion to dismiss ruling, such as the impact of the Supreme Court's *Lorenzo* decision. In briefing on the motion to amend, both parties stated that that the impact of *Lorenzo* was more properly addressed outside the context of the motion to amend, such as in a potential motion for reconsideration. *See* ECF No. 163 (Defense Opposition Brief) at 18 n.4; ECF No. 166 (SEC Reply Brief) at 4 n.1.

**Request for Briefing Schedule on Motion for Reconsideration**

Because of the pending motion to amend, this Court has not had occasion to reconsider its motion to dismiss ruling, in particular the Court's construction of the scope of Rule 10b-5(a) and (c), and as a corollary, Securities Act Section 17(a)(1) and (3), in light of *Lorenzo*. The SEC submits that several aspects of the Court's ruling were affected by its construction of Rule 10b-5(a) and (c), and that *Lorenzo* compels a different, broader construction of those provisions. Now that the motion to amend has been decided, the SEC intends to seek reconsideration of the Court's motion to dismiss ruling, as contemplated by the SEC's prior letters to the Court and the Court's earlier Order.

Hon. Analisa Torres
*SEC v. Rio Tinto*
No. 1:17-cv-07994-AT-DCF
Page 3

Pursuant to Federal Rule of Civil Procedure 72, the SEC has until March 24, 2020 to file any objection to Magistrate Judge Freeman's order on the motion to amend. The SEC intends to object to certain aspects of that order. In the interest of efficiency, the SEC intends to file its motion for reconsideration on the same day, March 24, 2020. The SEC submits that an appropriate briefing schedule, consistent with Local Civil Rule 6.1, would have any defense opposition briefs due April 7, and any SEC replies due April 14.

Respectfully submitted,

/s/ Tom Bednar
Thomas A. Bednar
Supervisory Trial Counsel
Securities and Exchange Commission
(202) 551-6218
bednart@sec.gov
Counsel for Plaintiff