

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
100 F. Street N.E.
Washington, D.C. 20549

June 3, 2020

<u>Via ECF and Electronic Mail</u>

THE HONORABLE ANALISA TORRES
United States District Judge
U.S. District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007-1312
Torres_NYSDChambers@nysd.uscourts.gov

**Re:**  *SEC v. Rio Tinto, et al.,* **No. 1:17-cv-07994-AT-DCF**
<u>**Supplemental Authorities**</u>

Dear Judge Torres:

      Plaintiff Securities and Exchange Commission writes to bring to the Court's attention two recent rulings that directly relate to issues raised by the SEC's pending reconsideration motion. *See* ECF Nos. 182, 186.  In particular, these decisions: (1) support the SEC's request that the Court reconsider its ruling that certain violations of the federal securities laws require "conduct beyond misrepresentations or omissions that form the basis of a claim under subsection (b)" of Rule 10b-5, Op. 35 (discussing Rule 10b-5); *see id.* 38 (discussing Section 17(a)); and (2) confirm that a defendant's failure to disclose material information (including when the failure violates a regulation) may be actionable under Rule 10b-5(a) and (c) and Section 17(a)(1) and (3).

      In *SEC v. Kameli*, No. 17-4686, 2020 WL 2542154 (N.D. Ill. May 19, 2020) (Gottschall, J.) (Ex. A), the court addressed whether *Lorenzo v. SEC*, 139 S. Ct. 1094 (2019), could be interpreted to mean that "asserting claims under Rule 10b-5(a) and (c) based only on misrepresentations generally remains verboten." *Id.* at *14.  The court squarely rejected that interpretation, holding that it "is not plausible." *Id.*  The court stated that, "[r]ather than positing a fine distinction between 'making' statements and 'disseminating' them, *Lorenzo* effectively abrogated the line of cases on which defendants rely and permits liability under Rule 10b-5(a) and (c) for both making and disseminating misleading statements—despite some resulting redundancy with Rule 10b-5(b)." *Id.* (citing *SEC v. SeeThruEquity, LLC*, No. 18-10374, 2019 WL 1998027 (S.D.N.Y. Apr. 26, 2019)).  The court's decision to "reject[] defendants' contention that claims under Rule 10b-5(a) and (c) cannot be predicated on the same conduct as that supporting claims under Rule 10b-5(b)," *id.* at *15, mirrors the SEC's arguments in its motion for reconsideration, *see* ECF No. 182, at 8-11; ECF No. 186, at 2-6.

Hon. Analisa Torres
SEC v. Rio Tinto
No. 1:17-cv-07994-AT-DCF
Page 2

      In *Takata v. Riot Blockchain, Inc.*, No. 18-02293, 2020 WL 2079375 (D.N.J. Apr. 30, 2020) (Wolfson, C.J.) (Ex. B), the court ruled that a defendant's alleged violation of "SEC reporting requirements to 'promptly' disclose material changes in his ownership of [a company's] stock" constitutes "a deceptive act that falls within the range of conduct prohibited by Section 10(b) and Rule 10b-5." *Id.* at *15. The court also concluded that the same conduct, even if "not necessarily deceptive by itself, was deceptive when viewed in the wider context of Plaintiff's allegations." *Id.* *Takata* supports the SEC's position that a defendant's failure to disclose material information, including when that failure violates SEC regulations, may constitute a device, scheme, or artifice to defraud, or an act, practice, or course of business which operated as a fraud or deceit. ECF No. 182, at 11-13, 20-22; ECF No. 186, at 9-10. And that is particularly true in the "wider context" of defendants—such as Thomas Albanese and Guy Elliott—who were well positioned to correct statements they knew were misleading.

      Respectfully,

      /s/ *Martin Totaro*
      Martin Totaro
      Senior Counsel
      Securities & Exchange Commission
      (202) 551-7962
      totarom@sec.gov
      Counsel for Plaintiff

cc:    Counsel for Defendants (via ECF)
Encls.