UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
SECURITIES AND EXCHANGE
COMMISSION,

| | |
|---|---|
| USDC SDNY | |
| DOCUMENT | |
| ELECTRONICALLY FILED | |
| DOC #: _____ | |
| DATE FILED: 3/3/2021_____ | |

                                        Plaintiff,

                        -against-                                    17 Civ. 7994 (AT) (DCF)

RIO TINTO PLC, RIO TINTO LIMITED,                              **ORDER**
THOMAS ALBANESE, and GUY ROBERT
ELLIOT,

                                        Defendants.

ANALISA TORRES, District Judge:

        Plaintiff, Securities and Exchange Commission (the "SEC"), brings this action for

violations of the Securities Act of 1933 ("Securities Act"), the Securities and Exchange Act of

1934 ("Exchange Act"), and the rules promulgated thereunder, against Defendants, Rio Tinto

PLC, Rio Tinto Limited, Thomas Albanese, and Guy Robert Elliott.  Compl., ECF No. 1.

        In a March 9, 2020 Opinion and Order (the "Opinion and Order"), the Honorable Debra

C. Freeman denied the SEC's motion to amend its complaint.  Opinion and Order at 1, ECF No.

175.  On March 24, 2020, the SEC filed a timely objection to the Opinion and Order.  ECF No.

179.  For the reasons stated below, the objection is OVERRULED.

## DISCUSSION

I.      Legal Standards

        A.      Objections to a Magistrate Judge's Non-Dispositive Orders

        Federal Rule of Civil Procedure 72(a) governs a district judge's review of a magistrate

judge's non-dispositive pretrial rulings.  Rule 72(a) provides that "[t]he district judge in the case

must consider timely objections and modify or set aside any part of the order that is clearly

erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  A court, therefore, "may adopt the

magistrate judge's findings and conclusions as long as the factual and legal bases supporting the ruling are not clearly erroneous or contrary to law." *Pegoraro v. Marrero*, 281 F.R.D. 122, 125 (S.D.N.Y. 2012).  A motion to amend the complaint is treated as a non-dispositive motion and is reviewed under the "clearly erroneous" standard.  *Xie v. JPMorgan Chase Short-Term Disability Plan*, No. 15 Civ. 4546, 2018 WL 501605, at *1 (S.D.N.Y. Jan. 19, 2018).

B.     Leave to Amend

Rule 15(a) provides that a district court "should freely give leave [to amend] when justice so requires."  Fed.R.Civ.P. 15(a) (2).  A court can deny leave to amend even if doing so would unduly prejudice the defendants.  *Dluhos v. Floating & Abandoned Vessel, Known as New York*, 162 F.3d 63, 69 (2d Cir. 1998).  Additionally, "[w]here a scheduling order has been entered [which sets a deadline for amending the pleadings], the lenient standard under Rule 15(a) . . . must be balanced against the requirement under Rule 16(b) that the Court's scheduling order [may be modified only for good cause]."  *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003); *see also Werking v. Andrews*, 526 F. App'x 94, 96 (2d Cir. 2013) (summary order) ("[A] party must show good cause to amend his or her complaint if the motion is filed after the deadline imposed by the district court in its scheduling order." (internal quotation marks and citation omitted)).  "A finding of good cause depends on the diligence of the moving party."  *Grochowski*, 318 F.3d at 86; *see also Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 197 (S.D.N.Y. 2014) ("To show good cause, a movant must demonstrate diligence before filing her motion, such that despite the movant's effort, the deadline to amend the pleadings could not have been reasonably met."  (citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000)).  "A party fails to show good cause when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline."  *Perfect*

*Pearl Co. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012) (internal

quotation marks and citation omitted).  Even when good cause is not shown, courts can still

assess whether allowing further amendment of the pleadings would prejudice the defendants.

*Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).

II.   Analysis

The SEC objects to the Opinion and Order on three grounds.  First, the SEC argues that

Judge Freeman improperly considered the SEC's motion to amend under Rule 16, instead of

Rule 15.  SEC Obj. at 3–5, ECF No. 180.  Second, it contends that even under the Rule 16

standard, the SEC demonstrated good cause for amendment.  *Id.* at 5–8.  Third, the SEC claims

that Defendants would not be prejudiced if the SEC were granted leave to amend its complaint at

this stage.  *Id*. at 8–9.  The Court rejects all three objections.

This Court issued a scheduling order setting a deadline for moving to amend pleadings.

ECF No. 75.  Because the SEC sought to amend its pleading after this deadline expired, Judge

Freeman concluded that Rule 16 applies.  Opinion and Order at 16–17; *Grochowski*, 318 F.3d at

86.  She rejected the SEC's reliance on caselaw solely applying Rule 15 in the absence of a

scheduling order, and highlighted authority supporting the importance of adhering to scheduling

orders.  Opinion and Order at 17–21; *see In re Fyre Festival Litig.*, 399 F. Supp. 3d 203, 225

(S.D.N.Y. 2019) ("Limiting the time to file further motions to amend in the [s]cheduling [o]rder

is not a meaningless technicality.  One of its main purposes is to avoid the [c]ourt needlessly

working on a lengthy motion to dismiss.  [The SEC's] placeholder statements asking for leave to

amend should the [c]ourt grant either motion to dismiss undermines the very purpose of the

[s]cheduling [o]rder.").  In its objections, the SEC again relies on the same opinions Judge

3

Freeman distinguished.  SEC Obj. at 3–5.  The Court finds no clear legal or factual error in Judge

Freeman's findings.

Under Rule 16, the SEC must show good cause in order for the Court to grant leave to

amend.  *Grochowski*, 318 F.3d at 86.  Having reviewed the Opinion and Order, the Court

concludes that in determining that the SEC did not meet its burden under Rule 16, Judge

Freeman carefully considered the SEC's arguments.  Judge Freeman evaluated the procedural

posture, Opinion and Order at 21–22, the SEC's position as a sophisticated litigant, *id.* at 23–24,

and the availability of facts underlying the SEC's new allegations prior to its deadline to move to

amend, *id.*, and concluded that "the fact that the Court had not yet ruled on Defendants' motion

to dismiss by the expiration of the deadline for motions to amend does not constitute good cause

for the SEC's failure to move to amend by that deadline, or, at a minimum, to request, in timely

fashion, that the deadline be extended."  *Id.* at 24.  The SEC argues that, because some elements

of securities law were still unsettled, it could not have known how to plead its claims in the

absence of an order on Defendants' motion to dismiss.  SEC Obj. at 5–6.  However, the SEC's

pleading deficiencies encompassed more than just these unsettled elements—the SEC failed to

plead scienter, a key, established element of its claims.  *SEC v. Rio Tinto plc*, No. 17 Civ. 7994,

2019 WL 1244933, at \*13–14 (S.D.N.Y. Mar. 18, 2019); *SEC v. Monarch Funding Corp.*, 192

F.3d 295, 308 (2d Cir. 1999).  Accordingly, the Court finds no clear error in Judge Freeman's

findings.

Judge Freeman further analyzed whether Defendants would likely suffer significant

prejudice if the SEC were granted leave to amend its complaint, which would constitute grounds

to deny leave to amend even under Rule 15's more lenient standard.  *Dluhos*, 162 F.3d at 69.

Because the proposed amended complaint includes topics not referenced in the operative

complaint, Judge Freeman determined that Defendants would have to conduct further discovery. Opinion and Order at 27–29.  To accomplish this, fact discovery would have to be reopened and Defendants might need to re-depose foreign witnesses.  *Id.* at 29–31.  Judge Freeman found that the cost of this would be excessive, and therefore, prejudice Defendants.  *Id.* at 30–33.  In its objections, the SEC does not address prejudice to Defendants; rather, the SEC emphasizes its diligence in conducting discovery.  SEC Obj. at 8–9.  The Court, therefore, finds no clear error in Judge Freeman's findings.

Accordingly, the SEC has not established that the factual findings and legal conclusions in the Opinion and Order are clearly erroneous or contrary to law.

## CONCLUSION

For the reasons stated above, the SEC's objection to the Opinion and Order, ECF No. 179, is OVERRULED.

SO ORDERED.

Dated:  March 3, 2021
New York, New York

ANALISA TORRES
United States District Judge