**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**SECURITIES AND EXCHANGE COMMISSION,**

**Plaintiff,**

**v.**                                                    **No. 1:17-cv-7994-AT-DCF**

**RIO TINTO PLC, RIO TINTO LIMITED,**
**THOMAS ALBANESE, and GUY ROBERT**
**ELLIOTT,**

**Defendants.**

### [PROPOSED]ORDER ON PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION TO CERTIFY INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b), OR ALTERNATIVE, TO ENTER PARTIAL FINAL JUDGMENT

This matter is before the Court on Plaintiff Securities and Exchange Commission's motion to certify for interlocutory appeal under 28 U.S.C. § 1292(b) this Court's Order denying reconsideration of its dismissal of the Commission's claims under Exchange Act Rule 10b-5(a) and (c) and Securities Act Section 17(a)(1) and (3). *See* ECF No. 213 (Mar. 3, 2021); *see also* ECF No. 135 (Mar. 18, 2019) (granting Motion to Dismiss in part). For the reasons stated below, Plaintiff's motion is GRANTED as to the certification of an interlocutory appeal, but DENIED as to the entry of partial final judgment.

Pursuant to 28 U.S.C. § 1292(b), a district court may certify for appeal an otherwise non-appealable order when the court concludes: "(1) that such order involves a controlling question of law (2) as to which there is a substantial ground for difference of opinion and (3) that an immediate appeal from [that] order may materially advance the ultimate termination of the litigation." *In re Facebook Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 529 (S.D.N.Y. 2014) (quoting

28 U.S.C. § 1292(b)).  The Court's Order is on a controlling question of law, resulting in dismissal of a large number of the Commission's claims.  A reversal of the Order would significantly alter the conduct of the action, and the certified issue of the scope of liability under these provisions of the securities laws has precedential value for a large number of cases.  As such, this is a controlling issue.  *In re Scotts EZ Seed Litig*., No. 12 CV 4727 (VB), 2017 WL 6398627, at *1 (S.D.N.Y. Aug. 31, 2017).

"The 'substantial ground for a difference of opinion' requirement is met where '(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit.'"  *In re Actos End-Payor Antitrust Litig*., No. 13-CV-9244 (RA), No. 15-CV-3278 (RA), 2020 WL 433710, at *2 (S.D.N.Y. Jan. 28, 2020)(quoting *In re Enron Corp*., No. 06 Civ. 7828 (SAS), 2007 WL 2780394, at *1 (S.D.N.Y. Sept. 24, 2007)).  Both factors are present here.  A substantial ground for difference of opinion exists because the Commission has identified cases that apply interpretations of the Supreme Court's ruling in *Lorenzo v. SEC*, 139 S.Ct. 1094 (2018), that differ from this Court's.  Resolution of this conflict is in the public interest.

Finally, an intermediate appeal would materially advance the ultimate termination of this litigation.  Here, an interlocutory appeal would materially advance the ultimate, final determination of all claims in this case in the manner that is most efficient for the time and resources of the court system.  An interlocutory ruling by the Second Circuit could simplify the litigation by clarifying the rights of the parties and simplifying issues around jury instructions and the presentation of evidence, and potentially avoiding a second trial.  Additionally, certifying appeal in this case is not likely to result in any delay of the litigation since the Commission has not requested a stay and the trial date is in the second quarter of 2022.

For the reasons set forth above, Plaintiff's motion for certification of interlocutory appeal

is **GRANTED.**

**SO ORDERED.**

Dated: _____, 2021
      New York, New York

                                                  _____
                                                        ANALISA TORRES
                                         United States District Judge