UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                                             **Plaintiff,**<br><br>v.<br><br>**RIO TINTO PLC, RIO TINTO LIMITED, THOMAS ALBANESE, and GUY ROBERT ELLIOTT,**<br><br>**Defendants.** | No. 1:17-cv-7994-AT-DCF |

**[PROPOSED] ORDER ON PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION TO CERTIFY INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b), OR ALTERNATIVELY, TO ENTER PARTIAL FINAL JUDGMENT**

      This matter is before the Court on Plaintiff Securities and Exchange Commission's motion to enter partial final judgment on the claims dismissed by this Court in its Order granting in part Defendants' Motion to Dismiss, *see* ECF No. 135 (Mar. 18, 2019), which the Court upheld upon Plaintiff's Motion for Reconsideration. *See* ECF No. 213 (Mar. 3, 2021). For the reasons stated below, Plaintiff's motion is GRANTED as to the entry of partial final judgment, but DENIED as to the request for certification of an interlocutory appeal.

      There are three prerequisites for entering a partial final judgment under Rule 54(b): "(1) multiple *claims* or multiple *parties* must be present, (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make 'an express determination that there is no just reason for delay' and expressly direct the clerk to enter judgment." *Ginett v. Computer Task Force*, 962 F.2d 1085, 1091 (2d Cir. 1992). All three conditions are met in this case. The Commission brought multiple

claims against the Rio Tinto Defendants and Thomas Albanese and Guy Elliott.  This Court's Order dismissed multiple claims, finally adjudicating them.  There is no just reason for delay, and permitting the Commission to appeal on an important issue of securities law would advance the public interest.

For the reasons set forth above, Plaintiff's motion for partial final judgment is **GRANTED**, and the clerk's office is hereby directed to enter final judgment on the claims dismissed in the Court's March 2019 Order.  *See* ECF No. 135.

**SO ORDERED.**

Dated: _____, 2021
      New York, New York

_____
ANALISA TORRES
United States District Judge