UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

                   Plaintiff,

       -against-

RIO TINTO PLC, RIO TINTO LIMITED,
THOMAS ALBANESE, and GUY ROBERT
ELLIOTT,

                  Defendants.

17 Civ. 7994 (AT) (DCF)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Securities and Exchange Commission (the "SEC"), brings this action alleging violations of the Securities Act of 1933 ("Securities Act"), the Securities and Exchange Act of 1934 ("Exchange Act"), and the rules promulgated thereunder, against Defendants, Rio Tinto PLC, Rio Tinto Limited, Thomas Albanese, and Guy Robert Elliott. Compl., ECF No. 1. On March 18, 2019, the Court granted in part and denied in part Defendants' motion to dismiss the complaint (the "March 2019 Order"). *SEC v. Rio Tinto PLC*, No. 17 Civ. 7994, 2019 WL 1244933 (S.D.N.Y. Mar. 18, 2019). The SEC then moved for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3. ECF No. 181. By order dated March 3, 2021, the Court denied the SEC's motion. *SEC v. Rio Tinto PLC*, No. 17 Civ. 7994, 2021 WL 818745 (S.D.N.Y. Mar. 3, 2021) (the "March 2021 Order"). The SEC now moves to certify for interlocutory appeal one issue raised in the March 2021 Order, or in the alternative to enter partial final judgement. ECF No. 218.

For the reasons stated below, the SEC's motion for certification of the interlocutory appeal is GRANTED, and DENIED as to the entry of partial final judgment.[1]

## BACKGROUND

The relevant facts and prior proceedings are set forth in the March 2019 Order and familiarity is presumed. *See* March 2019 Order at *1–6. In its motion for reconsideration, the SEC argued that, pursuant to the Supreme Court's holding in *Lorenzo v. SEC*, 139 S. Ct. 1094 (2019), it adequately alleged violations of Rule 10b-5(a) and (c) and Section 17(a)(1) and (3). SEC Mem. at 8–21. The Court disagreed, holding that misstatements alone could not trigger scheme liability. March 2021 Order at 4–5.

## DISCUSSION

### I.    Legal Standard

Pursuant to the three-pronged test set forth in 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal where: (1) "[the] order involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See also Flo & Eddie, Inc. v. Sirius XM Radio Inc.*, No. 13 Civ. 5784, 2015 WL 585641, at *1 (S.D.N.Y. Feb. 10, 2015). The moving party bears the burden of establishing the three factors. *Bellino v. JPMorgan Chase Bank, N.A.*, No. 14 Civ. 3139, 2017 WL 129021, *1 (S.D.N.Y. Jan. 13, 2017). Because interlocutory appeals are strongly disfavored, "only 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Klinghoffer v. S.N.C. Achille Lauro*

---

[1] "[T]he statutory procedure specifies appeal of the order, rather than certification of the question[]." *Flo & Eddie, Inc. v. Sirius XM Radio Inc.*, No. 13 Civ. 5784, 2015 WL 585641, at *3 (S.D.N.Y. Feb. 10, 2015) (quoting *United States v. Banco Cafetero Panama*, 797 F.2d 1154, 1157 (2d Cir. 1986)).

*Ed Altri-Gestione Motonave Achille Lauro In Amministrazione Straordinaria*, 921 F.2d 21, 25

(2d Cir. 1990) (alteration in original) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475

(1978)).

    II.    <u>Application</u>

        a.  Controlling Question of Law

There is a controlling question of law when: "(1) reversal of the district court's opinion

could result in dismissal of the action, (2) reversal of the district court's opinion, even though not

resulting in dismissal, could significantly affect the conduct of the action, or (3) the certified

issue has precedential value for a large number of cases." *Flo & Eddie, Inc.*, 2015 WL 585641,

at *1 (quoting *In re Lloyd's Am. Tr. Fund Litig.*, No. 96 Civ. 1262, 1997 WL 458739, at *4

(S.D.N.Y. Aug. 12, 1997)); *see also Klinghoffer*, 921 F.2d at 24.

This first prong weighs in favor of interlocutory appeal. The March 2021 Order

adjudicates a controlling issue of law that resulted in the dismissal of several of the SEC's

claims, and reversal would significantly "affect the conduct of the action." *See Bellino*, 2017

WL 129021, at *2. Similarly, the impact of *Lorenzo* on the scope of the scheme liability

provisions has precedential value and is a controlling question of law. *In re Scotts EZ Seed

Litig.*, No. 12 Civ. 4727, 2017 WL 6398627, at *1 (S.D.N.Y. Aug. 31, 2017). In addition, as

discussed below, there is growing disagreement on this issue, and "[r]eceiving authoritative

guidance from the Second Circuit . . . will help resolve [similar] actions quickly and

consistently." *Flo & Eddie, Inc.*, 2015 WL 585641, at *2.

        b.  Substantial Ground for Difference of Opinion

A substantial ground for difference of opinion exists where "(1) there is conflicting

authority on the issue, or (2) the issue is particularly difficult and of first impression for the

Second Circuit." *In re Goldman Sachs Grp., Inc. Sec. Litig.*, No. 10 Civ. 3461, 2014 WL

5002090, at *3 (S.D.N.Y. Oct. 7, 2014) (quoting *Cap. Records, LLC v. Vimeo, LLC*, 972

F. Supp. 2d 537, 551 (S.D.N.Y. 2013)).  "Mere conjecture that courts would disagree on the

issue" is insufficient.  *Bellino*, 2017 WL 129021, at *3.  Instead, "there must be substantial doubt

that the district court's order was correct."  *Century Pac., Inc. v. Hilton Hotels Corp.*, 574

F. Supp. 2d 369, 372 (S.D.N.Y. 2008) (quoting *SPL Shipping Ltd. v. Gujarat Cheminex Ltd.*, No.

06 Civ. 15375, 2007 WL 1119753, at *2 (S.D.N.Y. Apr. 12, 2007)) (internal quotation marks

omitted).

There is a substantial ground for difference of opinion on the issue of the scope of

*Lorenzo*.  Courts in this circuit have declined to hold a lawyer liable under Rule 10b-5(a) and (c)

where he was not alleged to have disseminated misleading statements, *see, e.g.*, *Geoffrey A.*

*Orley Revocable Tr. U/A/D 1/26/2000 v. Genovese*, No. 18 Civ. 8460, 2020 WL 611506, at *7–8

(S.D.N.Y. Feb. 7, 2020); *In re Teva Sec. Litig.*, No. 17 Civ. 558, 2021 WL 1197805, at *6 (D.

Conn. Mar. 30, 2021) ("*Lorenzo* did not address whether a Defendant could be held primarily

liable under all three subsections of Rule 10b-5 for a series of misstatements and omissions that

are, admittedly, partly actionable under Rule 10b-5(b)."), and have held that some misstatements

are actionable under Rule 10b–5(a) and (c), *see, e.g.*, *Puddu v. 6D Glob. Techs., Inc.*, No. 15 Civ.

8061, 2021 WL 1198566, at *10–11 (S.D.N.Y. Mar. 30, 2021).

Accordingly, there is conflicting authority on this issue, which has not been squarely

addressed by the Second Circuit.  There exists, therefore, a substantial ground for difference of

opinion.

c. Materially Advance the Ultimate Termination of the Litigation

In determining whether certification will materially advance the ultimate termination of the litigation, "courts must consider the institutional efficiency of both the district court and the appellate court." *Tocco v. Real Time Resolutions, Inc.*, No. 14 Civ. 810, 2015 WL 5086390, at *2 (S.D.N.Y. Mar. 4, 2015). Of the three factors, this prong is given more weight by the courts. *Transp. Workers Union of Am. v. N.Y.C. Transit Auth.*, 358 F. Supp. 2d 347, 350 (S.D.N.Y. 2005).

If the Second Circuit reverses the March 2021 Order and finds that several of the SEC's allegations are actionable, the parties could resolve all actionable claims at one trial. This would be more efficient than seeking appellate review following trial, after which a second trial might be necessary. *See In re Lloyd's Am. Tr. Fund Litig.*, 1997 WL 458739, at *4 ("The institutional efficiency of the federal court system is among the chief concerns underlying § 1292(b). . . . Because the district court's efficiency concerns are greatest in large, complex cases, certification may be more freely granted in so-called 'big' cases." (citations omitted)). Additionally, immediate interlocutory appeal will "remove a cloud of legal uncertainty" over these proceedings and may "significantly affect the parties' bargaining positions and may hasten the termination of this litigation through settlement." *Fed. Hous. Fin. Agency v. UBS Ams., Inc.*, 858 F. Supp. 2d 306, 338 (S.D.N.Y. 2012).

This last prong, therefore, weighs in favor of certification.

### CONCLUSION

For the reasons stated above, the SEC's motion for the certification of interlocutory appeal is GRANTED, and DENIED as to the entry of partial final judgment, and the March 2021

Order is certified for interlocutory appeal.  The SEC shall have ten days from the entry of this

order to apply to the Second Circuit for leave to proceed with the appeal.

     The Clerk of Court is directed to terminate the motion at ECF No. 218.

     SO ORDERED.

Dated: May 11, 2021
      New York, New York

                              _____
                                  ANALISA TORRES
                          United States District Judge